925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Lynn KEMPER, Defendant-Appellant.
 No. 89-5725.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1990.
Decided Feb. 22, 1991.
As Amended March 5, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CR-89-134-PN)
 Robert Thomas Durkin, Jr., Baltimore, Md., for appellant.
 Lisa M. Griffin, Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Breckinridge L. Willcox, United States Attorney, Gary P. Jordan, First Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and JAMES C. CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Ricky Lynn Kemper appeals his convictions for use or carrying of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1). We affirm.
 
 I.
 
 2
 After observing a controlled drug sale by Kemper, the police obtained a warrant for his arrest. He was arrested at the Baltimore apartment he shared with his fiancee. A warrant to search his residence was executed soon thereafter and a fully loaded pistol was found behind the headboard of the couple's bed. The police also recovered 785 grams of cocaine and various drug paraphernalia from the kitchen.
 
 
 3
 Kemper was indicted on three drug counts and two firearm counts. At trial, Kemper and his fiancee testified that the gun was hers. However, a police officer testified that the fiancee told the officers during the search of the residence that the gun was Kemper's. Two witnesses testified that Kemper had requested a gun for his drug business, and one of these witnesses stated that Kemper later said that he had located a "nice .380" pistol. The firearm found at Kemper's residence was a .380 caliber model. The jury returned guilty verdicts on all five counts.[1]
 
 
 4
 Kemper was sentenced to three concurrent 84-month sentences on the drug counts and a 30-month concurrent term on the Sec. 922(g)(1) felon-in-possession firearm count. He also received the mandatory five-year consecutive sentence on the Sec. 924(c)(1) firearm count. He appeals only his convictions on the firearms charges.
 
 II.
 
 5
 Kemper contends that there was insufficient evidence to support the Sec. 924(c)(1) conviction because the government was unable to demonstrate any relationship between the firearm and his drug-dealing. He also contends that the Sec. 922(g)(1) conviction must fall because there was insufficient evidence that he "possessed" the firearm. We discuss each of these contentions in turn.
 
 
 6
 The statute of conviction, 18 U.S.C. Sec. 924(c)(1), reads in relevant part: "Whoever, during and in relation to any ... drug trafficking crime, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years...." Kemper argues that nothing pointed to his use or carrying of a firearm "during and in relation to" the underlying drug crimes for which he was convicted, and he points to the fact that there was no evidence that the firearm found in his bedroom was ever accessible to him during any of the specific drug transactions about which testimony was given at trial. However, the extent of Sec. 924(c)(1) is somewhat broader than that urged upon us by appellant.
 
 
 7
 Unlike the situation in United States v. Stewart, 779 F.2d 538 (9th Cir.1985), there is no suggestion by Kemper that the jury was improperly instructed on the elements of a Sec. 924(c)(1) offense.[2] He relies almost solely on United States v. Feliz-Cordero, 859 F.2d 250 (2nd Cir.1988), for the proposition that mere ownership or constructive possession of a firearm by a drug dealer is, by itself, an inadequate basis for a Sec. 924(c)(1) conviction. However, we are able to point to recent circuit precedent which we believe is largely dispositive of the issue.
 
 
 8
 In United States v. Smith, 914 F.2d 565 (4th Cir.1990), a controlled drug buy from Smith resulted in his eventual arrest outside his hotel room and the subsequent search of the room. The search uncovered a loaded pistol beneath the mattress, as well as crack cocaine and other drug paraphernalia. He was convicted of one Sec. 924(c)(1) count and two drug counts. On appeal, the Sec. 924(c) conviction was affirmed on the ground that, "[v]iewing the evidence in the light most favorable to the government, ample evidence existed for the jury to have concluded that the derringer was used by Smith 'for protection and to facilitate the likelihood of success.' " Id. at 567 (quoting United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988)). Sufficient evidence was adduced in the instant case to support a similar conclusion.
 
 
 9
 There was evidence that the gun seized at Kemper's residence was used by Kemper "during and in relation to" his drug trade. Coconspirator Brian Steed's grand jury testimony[3] was that Kemper had indicated that he was interested in getting a gun to protect himself in the drug business. Another coconspirator, Ronald Fisher, testified that Kemper asked several times to be provided with a gun and that Kemper later told him that he (Kemper) had obtained a .380 caliber pistol. The evidence of a relationship between the gun and Kemper's drug business was enough for the jury to infer that the firearm seized at Kemper's residence was intended to protect him from the dangers involved in his chosen occupation and, as such, constituted an essential tool of his trade. This evidence satisfies the "during and in relation to" element of Sec. 924(c)(1).
 
 III.
 
 10
 The conviction under Sec. 922(g)(1) is also affirmed. We agree with the Second Circuit's observation that "section 924(c) requires more than mere possession of a firearm. Rather, there must be some relation or connection between the firearm and the underlying [drug trafficking] crime." Feliz-Cordero, 859 F.2d at 254. We are unable, however, to envision a set of circumstances in which a defendant convicted of a Sec. 924(c)(1) charge would not satisfy the possession element of Sec. 922(g)(1). If the Sec. 924(c)(1) conviction is affirmed, Kemper's argument on the sufficiency of evidence for the Sec. 922(g)(1) conviction falls like a house of cards.[4] Possession, constructive or actual, is necessarily included in a finding that a defendant used or carried a firearm in relation to his drug trade.[5]
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 On the drug conspiracy count, a guilty verdict to a lesser included offense was returned
 
 
 [2]
 The instruction given in this regard read as follows:
 The term use of a firearm, as specified in 18 United States Code, Section 924(c)(1), includes possession of a firearm to protect a drug trafficker's supply of drugs. This is so if the firearm is present for protection and to facilitate the likelihood of success of the drug trafficking crime, whether or not the firearm is actually used. Mere possession of a gun without this relationship to a drug trafficking crime is not sufficient to satisfy the term "use" of a firearm as used in this statute.
 Although Kemper objected to the definition of "use" in the instruction, he has abandoned that issue on appeal.
 
 
 [3]
 This testimony was introduced after Steed's memory failed him during the trial
 
 
 [4]
 Kemper concedes that the prior felony and interstate commerce elements of Sec. 922(g)(1) were supported by sufficient evidence
 
 
 [5]
 The opposite, however, does not necessarily hold true. It is possible to violate Sec. 922(g)(1), i.e., to possess a firearm, without using or carrying it "in relation to a drug trafficking crime." See United States v. Long, 905 F.2d 1572, 1578 n. 10 (D.C.Cir.), cert. denied, 111 S.Ct. 365 (1990)